JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kevin Okum as parent and natural guardian of B.O, a minor

**DEFENDANTS**

Kaitlin Ciotoli, CRNP; Michelle Crawford, MD a/k/a Michelle Mergenthal, MD; Crozer Keystone Women's Health and

**(b)** County of Residence of First Listed Plaintiff   Christian
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James E. Beasley, Jr., Esq., Andrew M. Marth, Esq.
The Beasley Firm, LLC, 1125 Walnut Street, Phila., PA
19107; 215-592-1000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332 and 28 USC Section 1391

Brief description of cause:
Personal Injury - Medical Malpractice

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   HON. JOHN F. MURPHY

DOCKET NUMBER   2:23-CV-02977-JFM

DATE
07/24/2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ James E. Beasley, Jr., Esquire

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __125 East Main Street, Gracey, KY 42232__

Address of Defendant: __145 King of Prussia Road, Radnor, PA 19087__

Place of Accident, Incident or Transaction: __Upland, PA__

---

**RELATED CASE IF ANY:**

Case Number: __2:23-cv-02977-JFM__ Judge: __Hon. John F. Murphy__    Date Terminated _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?    Yes ☒ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?    Yes ☐ No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?    Yes ☐ No ☐

I certify that, to my knowledge, the within case ☒ is / ☐ is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: _____ /s/ James E. Beasley, Jr. _____          _____ 83282 _____

Attorney-at-Law *(Must sign above)*          Attorney I.D. # (if applicable)

---

**Civil (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify)*: _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☒ 6. Other Personal Injury *(Please specify)*: Medical Malpractice
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, __James E. Beasley, Jr., Esq.__, counsel of record *or pro se plaintiff*, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __07/24/2024__          /s/ James E. Beasley, Jr.          __83282__

Attorney-at-Law *(Sign here if applicable)*          Attorney ID # (if applicable)

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kevin Okum, as Parent and Natural Guardian of B.O., A Minor | : | CIVIL ACTION |
| v. | : | |
| Kaitlin Ciotoli, CRNP, Michelle Crawford, MD, a/k/a Michelle Mergenthal, MD; Crozer Keystone Women's Health and Prospect Health Access Network, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( x )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| 07/24/2024 | Andrew M. Marth, Esq. | Plaintiff, Kevin Okum, et al. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-592-1000 | 215-592-8360 | andrew.marth@beasleyfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02


American LegalNet, Inc.
www.FormsWorkFlow.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN OKUM as Parent and** | : | |
| **Natural Guardian of B.O., a minor** | : | |
| 125 East Main Street | : | CIVIL ACTION |
| Gracey KY 42232 | : | |
| Plaintiff, | : | No.: _____ |
| v. | : | |
| | : | PLAINTIFF'S COMPLAINT |
| **KAITLIN CIOTOLI, CRNP** | : | |
| 145 King of Prussia Road | : | JURY TRIAL DEMANDED |
| Radnor, PA 19087 | : | |
| | : | |
| and | : | |
| | : | |
| **MICHELLE CRAWFORD, M.D.** | : | |
| **A/K/A MICHELLE MERGENTHAL,** | : | |
| **M.D.** | : | |
| 1 Bartol Avenue | : | |
| Jones Medical Building, Suite 15 | : | |
| Ridley Park, PA 19078 | : | |
| | : | |
| and | : | |
| | : | |
| **CROZER KEYSTONE WOMEN'S** | : | |
| **HEALTH** | : | |
| 1 Bartol Avenue | : | |
| Jones Medical Building, Suite 15 | : | |
| Ridley Park, PA 19078 | : | |
| | : | |
| and | : | |
| | : | |
| **PROSPECT   HEALTH   ACCESS** | : | |
| **NETWORK, INC.** | : | |
| 100 W. Sproul Road | : | |
| Springfield, PA 19064 | : | |
| Defendants. | | |

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**OKUM V. KAITLIN CIOTOLI, CRNP, ET AL.**
NOTICE TO DEFEND

# NOTICE TO DEFEND

| **"NOTICE"** | **"AVISO"** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas dispuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos iportantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA QUE SE ENCUENTRA ESCRITA ABAJO. ESTA OFICINA PUEDE PROVEER DE USTED INFORMACION SOBRE EMPLEAR A UN ABOGADO. SI USTED NO TIENE SUFICIENTE DINERO PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACION SOBRE LAS AGENCIAS QUE PUEDEN OFRECER SERVICIOS LEGAL A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGUN HONORARIO. |
| **Philadelphia Bar Association**<br>**LAWYER REFERRAL & INFO.**<br>**One Reading Center**<br>(215)238-1701 | **Asociacion de Licenciados de Filadelphia**<br>**Servicio de Referencia e Informacion**<br>**One Reading Center**<br>**Phila., PA 19107**<br>**(215) 238-1701** |

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**OKUM V. KAITLIN CIOTOLI, CRNP, ET AL.**

NOTICE TO DEFEND

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN OKUM as Parent and** | : | |
| **Natural Guardian of B.O., a minor** | : | |
| 125 East Main Street | : | CIVIL ACTION |
| Gracey KY 42232 | : | |
| Plaintiff, | : | No.: _____ |
| v. | : | |
| | : | PLAINTIFF'S COMPLAINT |
| **KAITLIN CIOTOLI, CRNP** | : | |
| 145 King of Prussia Road | : | JURY TRIAL DEMANDED |
| Radnor, PA 19087 | : | |
| | : | |
| and | : | |
| | : | |
| **MICHELLE CRAWFORD, M.D.** | : | |
| **A/K/A MICHELLE MERGENTHAL,** | : | |
| **M.D.** | : | |
| 1930 Marlton Pike East | : | |
| Suite C-15 | : | |
| Cherry Hill, NJ, 08003 | : | |
| | : | |
| and | : | |
| | : | |
| **CROZER KEYSTONE WOMEN'S** | : | |
| **HEALTH** | : | |
| 1 Bartol Avenue | : | |
| Jones Medical Building, Suite 15 | : | |
| Ridley Park, PA 19078 | : | |
| | : | |
| and | : | |
| | : | |
| **PROSPECT HEALTH ACCESS** | : | |
| **NETWORK, INC.** | : | |
| 100 W. Sproul Road | : | |
| Springfield, PA 19064 | : | |
| Defendants. | : | |

## PARTIES

1.     Plaintiff Kevin Okum and his child, B.O., reside at the above address.

2.     Defendant Kaitlin Ciotoli, M.D. ("CRNP Ciotoli") is an individual adult

citizen and physician licensed to practice as a certified registered nurse practitioner in

**The Beasley Firm, LLC**
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (Fax)
WWW.BEASLEYFIRM.COM

1

**Okum v. CRNP Ciotoli, et al.**
PLAINTIFF'S COMPLAINT

the Commonwealth of Pennsylvania, specializing in obstetrics and gynecology, who maintained an office and a regular place of business at the above address.

3.      At all times material hereto, CRNP Ciotoli was a certified registered nurse practitioner pursuing the specialty of obstetrics and gynecology. She was obliged to bring to bear in the practice of her profession the professional skill, knowledge, and care possessed by practitioners of her specialty and to pursue her profession in accordance with reasonably safe and accepted standards of care.

4.      CRNP Ciotoli was, at all relevant times, an employee, servant, and/or agent (actual, ostensible, or otherwise) of co-Defendants Prospect Health and Crozer Keystone Women's Health.

5.      Plaintiff is pursuing a professional liability claim against CRNP Ciotoli.

6.      Defendant Michelle Crawford, M.D. a/k/a Michelle Mergenthal, M.D. ("Dr. Crawford") is an individual adult and physician licensed to practice medicine in the Commonwealth of Pennsylvania, specializing in obstetrics and gynecology, who maintains an office and a regular place of business at the above address.

7.      At all times material hereto, Dr. Crawford was engaged in the practice of medicine, pursuing the specialty of obstetrics and gynecology, and was obliged to bring to bear in the practice of her profession the professional skill, knowledge, and care that is possessed by practitioners of her specialty and to pursue her profession in accordance with reasonably safe and accepted standards of obstetrics and gynecology.

8.      Dr. Crawford was, at all relevant times, an employee, servant, and/or agent (actual, ostensible, or otherwise) of co-Defendants Prospect Health and Crozer Keystone Women's Health.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

9.      Plaintiff is pursuing a professional liability claim against Dr. Crawford.

10.     Defendant, Prospect Health Access Network, Inc. ("Prospect"), at all times relevant to this action and continuing through the present, owned, operated, and maintained a medical facility located at the above address.  Prospect is responsible for the acts and omissions of its physicians, physician assistants, nurses, nursing assistants, nursing personnel, residents, fellows, CRNAs, housestaff, medical personnel, clerical personnel, and other persons participating in the Plaintiff's care at issue in this lawsuit.

11.     At all times material hereto, Prospect was, or may have been, the employer of Defendant CRNP Ciotoli, Defendant Dr. Crawford, and other individuals involved with healthcare, clerical, and administrative duties with respect to Plaintiff's care.

12.     Plaintiff is pursuing a professional liability claim against Prospect.

13.     Defendant, Crozer Keystone Women's Health, at all times relevant to this action and continuing through the present, owned, operated, and maintained a medical facility located at the above address.  Crozer Keystone Women's Health is responsible for the acts and omissions of its physicians, physician assistants, nurses, nursing assistants, nursing personnel, residents, fellows, CRNAs, housestaff, medical personnel, clerical personnel, and other persons participating in the Plaintiff's care at issue in this lawsuit.

14.     Each and every defendant is liable for the acts of its employees, servants, and/or agents (actual, ostensible, or otherwise), most of whose identities are in the possession of Defendants and remain unknown to Plaintiff at the time of the filing of this complaint.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

3
OKUM V. CRNP CIOTOLI, ET AL.
PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the jurisdictional requirements to guarantee a jury trial, exclusive of interest and costs, and is between citizens of different states.

16.    Venue is proper pursuant to 28 U.S.C. § 1391 a substantial part of the events and omissions giving rise to this action occurred in this judicial district.

## FACTS

The medical records reveal the following:

17.    Aubrey Daley and Kevin Okum are the parents of B.O.; presently, only Mr. Okum has custody and control of B.O. and therefore he is the only proper parental representative for B.O.

18.    Upon learning she was pregnant with B.O., Ms. Daley sought prenatal care from Crozer-Keystone OB/GYN – Springfield ("Springfield"), starting at 8 weeks gestation, on June 28, 2016.

19.    On September 26, 2016, Aubrey Daley was deemed a "High Risk OB" by Michelle Crawford, M.D., an obstetrician/gynecologist at Springfield.

20.    On December 1, 2016, Aubrey Daley presented to the CCMC Emergency Room after suspecting that her water broke at approximately 30 weeks gestation.

21.    Ms. Daley was noted to be "tearful and anxious," and her blood pressure was elevated, ranging from 130/86 to 149/89.

22.    At that time, Samantha Morrison, M.D., a resident, treated Ms. Daley under the supervision of the attending physician, Karen Simon, M.D.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

4

**OKUM V. CRNP CIOTOLI, ET AL.**
PLAINTIFF'S COMPLAINT

23.     Dr. Morrison ordered a urinalysis, noted "will follow-up labs," and discharged Ms. Daley with no further instruction.

24.     On December 5, 2016, the results of Ms. Daley's labs were entered into her medical records at 3:28 PM, showing her elevated blood pressure, tearful and anxious presentation, and abnormal levels of protein in her urine as shown below.

```
Patient: AUBREY J DALEY
ID: CKHSLAB 221864223
Note: All result statuses are Final unless otherwise noted.

Tests: (4) UA W/REFLEX CULTURE (UAWRFX)
  UA COLOR              YELLOW
! UA CLARITY            HAZY
  UA SPEC GRAV          1.024                1.001-1.035
  UA PH                 5.0                  5.0-8.0
  UA LEUK ESTER         NEG /UL              NEG
  UA NITRITES           NEG                  NEG
  UA PROTEIN      [A]   100 MG/DL            NEG
  UA GLUCOSE            NEG MG/DL            NEG
  UA KETONES            NEG MG/DL            NEG
  UA UROBIL             NEG MG/DL            NEG
  UA BILI               NEG MG/DL            NEG
  UA BLOOD              NEG /UL              NEG
! CULTURE REFLEX        "Result Below..."
      RESULT: NO URINE CULTURE INDICATED
! UA RBC                0-2 /HPF             0-2
  UA WBC                0-2 /HPF             0-2
  UA BACTERIA     [A]   RARE /HPF            NEG
! SQUAM EPIS            1+ /LPF
! MUCOUS THREADS        RARE /LPF
```

25.     Unfortunately, none of Ms. Daley's providers at either CCMC, including Dr. Simon and Dr. Morrison, followed up with her or her providers at Springfield regarding her concerning presentation on December 1, 2016, or the abnormal urinalysis results.

26.     On December 5, 2016, Ms. Daley presented to Crozer Keystone Women's Health.

27.     She was seen by Kaitlin Ciotoli, CRNP.

28.     Ms. Daley explicitly told CRNP Ciotoli she had heightened blood pressure readings at CCMC on December 1, 2016 and was told to follow up with the practice.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

OKUM V. CRNP CIOTOLI, ET AL.
PLAINTIFF'S COMPLAINT

29.     CRNP Ciotoli ignored this critical complaint and failed to order any additional testing, monitoring, or management to diagnose and manage Ms. Daley's condition.

30.     After the visit, CRNP Ciotoli requested copies of the December 1, 2016 note.

31.     Copies of the notes were originally faxed and reviewed by Michelle Crawford, M.D.

32.     Dr. Crawford ignored the critical and concerning findings identified in the December 1, 2016 notes.

33.     Dr. Crawford took no action to assess, diagnose, or manage Ms. Daley or communicate with Ms. Daley's other healthcare providers.

34.     The December 1, 2016 notes and lab results were then uploaded to Ms. Daley's electronic medical record.

35.     CRNP Ciotoli reviewed the medical records and the critical lab result identified above but failed to order additional testing, monitoring, or management to diagnose and manage Ms. Daley's condition.

36.     CRNP Ciotoli called Ms. Daley and informed her of other lab values but failed to appreciate, diagnose and inform her of the significance of the high urine protein level, heightened blood pressure readings, and Dr. Morrison's diagnosis of chronic hypertension.

37.     On December 14, 2016, Aubrey Daley presented for a standard OB check-up with Defendant, Dr. Lewis Wai-Hung Lo, at Springfield.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

6

OKUM V. CRNP CIOTOLI, ET AL.
PLAINTIFF'S COMPLAINT

38.     At that time, she was 32.1 weeks pregnant with complaints of persistent headache, nausea, and vomiting for 3-4 days, and a history of migraine.

39.     Having not been alerted by CCMC, Dr. Morrison, Dr. Simon, CRNP Ciotoli, and Dr. Crawford, and rather than fully evaluating Ms. Daley, Dr. Lo concluded all her signs and symptoms were the result of caffeine withdrawal and instructed her to return to the office in one week.

40.     Within a few hours of leaving Springfield, unaware of the abnormal results of her urinalysis and symptoms of preeclampsia, Ms. Daley returned to the CCMC Emergency Room with the same complaints that she presented to Dr. Lo earlier that day.

41.     Upon arrival in the emergency room, Ms. Daley was diagnosed with severe preeclampsia complicated by HELLP Syndrome.

42.     Ms. Daley's vital signs and laboratory results were abnormal, as was the fetal monitoring of B.O.

43.     Fetal monitoring revealed a category III tracing and an emergency cesarean section was called.

44.     B.O. was born, premature at 32 weeks gestation, with a multitude of complications from the delays resulting from the Defendants' incomplete evaluation earlier that day, including fetal acidosis, encephalopathy, PVL, HIE, respiratory distress, hypoglycemia, and the associated complications flowing from prematurity and the hostile uterine environment caused by the pathological condition Ms. Daley conveyed to the Defendants and contained in her medical records for weeks.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

7

OKUM V. CRNP CIOTOLI, ET AL.
PLAINTIFF'S COMPLAINT

45.     B.O. required intensive, invasive treatments and therapies in order to attempt to reverse the damage caused by the Defendants.

46.     B.O. spent a month in the hospital after his emergency cesarean section and has received considerable medical attention and therapies since his discharge from CCMC.

47.     B.O. has suffered and will continue to suffer for a considerable time into the future from the injuries, damages, and losses caused by the combined negligence of the Defendants.

48.     As written in this Complaint, Dr. Crawford and CRNP Ciotoli failed to properly evaluate, observe, and diagnose B.O. and Ms. Daley's conditions as reported to them on December 5, 2016 and, therefore, were instrumental in the catastrophic injuries and losses caused to B.O.

49.     The Defendants' combined failures were a factual cause of the injuries and damages claimed by B.O., and these failures increased the risk that B.O. would suffer the injuries and damages that he did.

50.     As a direct and proximate result of the negligence and carelessness of the Defendants, acting individually or in concert, B.O. has suffered and will continue to suffer permanent severe personal injuries and losses including, but not limited to, the following, as identified in his medical records:

        a.     permanent brain injuries;

        b.     permanent respiratory damage;

        c.     multi organ damage and acidosis;

        d.     requirement for multiple invasive methods of management after his emergency cesarean section;

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

e.    increased risk of death;

f.    injuries to his nerves and nervous system;

g.    mental anguish;

h.    anxiety;

i.    disfigurement;

j.    humiliation and embarrassment;

k.    loss of life's pleasures;

l.    lost earnings and earning capacity; and

m.    mental and physical pain and suffering.

51.    As a direct and proximate result of the negligence and carelessness of the Defendants, acting individually or in concert, B.O. is permanently unable to perform the usual occupational, social, and household duties; and has incurred a loss of earnings and earning capacity.

## THEORIES OF LIABILITY

### COUNT ONE
### PLAINTIFF v. CRNP CIOTOLI

52.    CRNP Ciotoli knew, or had reason to know, that B.O. was at risk for decompensation during the December 5, 2016 visit and was at an increased risk for compromise given the signs, symptoms, and complaints presented by Ms. Daley and documented by resident Samantha Morrison, M.D., yet she failed to provide reasonable and prudent care.

53.    CRNP Ciotoli's failure to ensure that the complaints, signs, and symptoms of a high-risk patient, like Ms. Daley, were properly investigated and resolved, was a deviation from the standard of care and increased the risk that B.O. would end up

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

9

OKUM V. CRNP CIOTOLI, ET AL.
PLAINTIFF'S COMPLAINT

severely compromised and suffer the permanent, catastrophic injuries and damages that he did.

54.    CRNP Ciotoli failed to ensure that Ms. Daley's signs, symptoms, complaints, and abnormal urinalysis results were communicated to and acted upon by Ms. Daley and the healthcare providers involved in her care.

55.    CRNP Ciotoli failed to order further testing and monitoring to appropriately diagnose and manage Ms. Daley's high blood pressure and abnormal urinalysis results.

56.    CRNP Ciotoli's failures, identified above, were deviations from the standard of care and increased the risk that B.O. would end up severely compromised and suffer the permanent, catastrophic injuries and damages that he did.

57.    CRNP Ciotoli created a high degree of risk of physical harm to B.O. in her failure to ensure proper clinical follow-up and communication with and about Ms. Daley's signs, symptoms, complaints, and test results on December 5, 2016 and thereafter.

58.    The injuries and losses suffered by B.O. are the direct and proximate result of the negligence and carelessness of all named Defendants and are not due to any act or failure to act on the part of B.O., Ms. Daley, or Kevin Okum.

59.    Each Defendant's negligence and carelessness were substantial factors in bringing about the injuries and losses suffered by B.O. and were a factual cause of the injuries and losses suffered by B.O.

**WHEREFORE**, Plaintiff hereby demands judgment against all named defendants, jointly, severally and/or individually, and claims compensatory damages

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

<u>OKUM V. CRNP CIOTOLI, ET AL.</u>
PLAINTIFF'S COMPLAINT

again all named defendants in an amount in excess of the jurisdictional requirement to guarantee a jury trial, plus costs, delay damages, and such other recoverable damages, where such an amount in controversy exceeds the jurisdictional amount subject to compulsory arbitration.

**COUNT TWO**
**PLAINTIFF v. DR. CRAWFORD**

60.    Dr. Crawford knew, or had reason to know, that B.O. was at risk for decompensation and was at an increased risk for compromise given the signs, symptoms, and complaints presented by Ms. Daley and documented by resident Samantha Morrison, M.D., yet she failed to provide reasonable and prudent care.

61.    Dr. Crawford's failure to ensure that the complaints, signs, and symptoms of a high-risk patient, like Ms. Daley, were properly investigated and resolved, was a deviation from the standard of care and increased the risk that B.O. would end up severely compromised and suffer the permanent, catastrophic injuries and damages that he did.

62.    Dr. Crawford failed to ensure that Ms. Daley's signs, symptoms, complaints, evidenced in the medical records reviewed and signed by her, were communicated to and acted upon by Ms. Daley and the healthcare providers involved in her care.

63.    Dr. Crawford failed to order further testing and monitoring to appropriately diagnose and manage Ms. Daley's high blood pressure.

64.    Dr. Crawford's failures, identified above, were deviations from the standard of care and increased the risk that B.O. would end up severely compromised and suffer the permanent, catastrophic injuries and damages that he did.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

65.    Dr. Crawford created a high degree of risk of physical harm to B.O. in her failure to ensure proper clinical follow-up and communication with and about Ms. Daley's signs, symptoms, complaints.

66.    The injuries and losses suffered by B.O. are the direct and proximate result of the negligence and carelessness of all named Defendants and are not due to any act or failure to act on the part of B.O., Ms. Daley, or Kevin Okum.

67.    Each Defendant's negligence and carelessness were substantial factors in bringing about the injuries and losses suffered by B.O. and were a factual cause of the injuries and losses suffered by B.O.

**WHEREFORE**, Plaintiff hereby demands judgment against all named defendants, jointly, severally and/or individually, and claims compensatory damages again all named defendants in an amount in excess of the jurisdictional requirement to guarantee a jury trial, plus costs, delay damages, and such other recoverable damages, where such an amount in controversy exceeds the jurisdictional amount subject to compulsory arbitration.

**COUNT THREE**
**PLAINTIFF V. PROSPECT**

68.    Plaintiff incorporates herein by reference each and every preceding paragraph of this complaint as if each were set forth fully herein.

69.    The injuries and losses of B.O. were caused by the negligence and carelessness of Defendant Prospect, acting by and through its agents, servants, and/or employees involved in the failure to monitor, diagnose, and timely treat B.O. and Ms. Daley on December 5, 2016 and the days and weeks thereafter.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

12
**OKUM V. CRNP CIOTOLI, ET AL.**
PLAINTIFF'S COMPLAINT

70.    Prospect is responsible for the acts and omissions of its agents, servants and/or employees involved in the care at issue, all of whom knew or should have known that B.O.'s mother, Aubrey Daley, presented with signs and symptoms of a concerning condition requiring further evaluation and management, as identified herein, yet failed to ensure proper evaluation, diagnosis, and management, and are responsible for the claims made in this lawsuit.

71.    Prospect and its agents, servants and/or employees knew or should have known of the serious risks during the December 5, 2016 visit, yet failed to properly and promptly evaluate and address the complaints in a high-risk OB patient before fetal compromise, and are responsible for the claims made in this lawsuit.

72.    Prospect is vicariously liable for the negligent acts of its agents, servants and/or employees, including, but not limited to, CRNP Ciotoli and Dr. Crawford.

73.    As a direct and proximate result of the Prospect's negligence, as set forth in this Complaint, B.O. has suffered and will continue to suffer the damages as outlined in this Complaint.

**WHEREFORE**, Plaintiff hereby demands judgment against all named defendants, jointly, severally and/or individually, and claims compensatory damages again all named defendants in an amount in excess of the jurisdictional requirement to guarantee a jury trial, plus costs, delay damages, and such other recoverable damages, where such an amount in controversy exceeds the jurisdictional amount subject to compulsory arbitration.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

13
OKUM V. CRNP CIOTOLI, ET AL.
PLAINTIFF'S COMPLAINT

**COUNT FOUR**
**CORPORATE NEGLIGENCE**
**PLAINTIFF V. PROSPECT**

74.     Plaintiff incorporates herein by reference each and every preceding paragraph of this complaint as if each were set forth fully herein.

75.     Defendant Prospect's corporate neglect was as follows:

     a.    failure to have, develop, and/or employ proper policies, protocols, and procedures in place to ensure that patients such as Aubrey Daley with are properly, timely, and accurately assessed, monitored, diagnosed, and treated when presenting with the signs, symptoms, and test results Ms. Daley and B.O. had on December 5, 2016 and the days and weeks thereafter;

     b.    failure to have, develop, and/or employ proper policies, protocols, and procedures in place to ensure timely and direct communication between patients and other healthcare providers involved in and reviewing patient care;

     c.    failure to have, develop, and/or employ proper policies, protocols, and procedures to ensure that all patients, including Plaintiff, are treated with reasonable and prudent medical care such that prompt recognition, management, diagnosis, and treatment of signs, symptoms, and test results relating to serious obstetrical conditions and diseases are promptly and properly managed, documented, and administered;

     d.    failure to select and retain only competent physicians, nurses, and medical personnel;

     e.    failure to oversee all persons who practice medicine and healthcare within its walls as to patient care;

     f.    failure to formulate, adopt, enforce and oversee adequate policies, protocols and procedures to ensure quality and safe care for all patients;

     g.    liability under *Thompson v. Nason*, 591 A.2d 703 (Pa. 1991) and its progeny, for the failures identified above.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

76.     As a result of Defendant Prospect's corporate failures as identified in this Complaint, B.O. has suffered and will continue to suffer the injuries and damages identified herein and in the medical records.

**WHEREFORE**, Plaintiff hereby demands judgment against all named defendants, jointly, severally and/or individually, and claims compensatory damages again all named defendants in an amount in excess of the jurisdictional requirement to guarantee a jury trial, plus costs, delay damages, and such other recoverable damages, where such an amount in controversy exceeds the jurisdictional amount subject to compulsory arbitration.

## COUNT FIVE
## PLAINTIFF V. CROZER KEYSTONE WOMEN'S HEALTH

77.     Plaintiff incorporates herein by reference each and every preceding paragraph of this complaint as if each were set forth fully herein.

78.     The injuries and losses of B.O. were caused by the negligence and carelessness of Defendant Crozer Keystone Women's Health, acting by and through its agents, servants, and/or employees involved in the failure to monitor, diagnose, and timely treat B.O. and Ms. Daley on December 5, 2016 and the days and weeks thereafter.

79.     Crozer Keystone Women's Health is responsible for the acts and omissions of its agents, servants and/or employees involved in the care at issue, all of whom knew or should have known that B.O.'s mother, Aubrey Daley, presented with signs and symptoms of a concerning condition requiring further evaluation and management, as identified herein, yet failed to ensure proper evaluation, diagnosis, and management, and are responsible for the claims made in this lawsuit.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**OKUM V. CRNP CIOTOLI, ET AL.**
PLAINTIFF'S COMPLAINT

80.    Crozer Keystone Women's Health and its agents, servants and/or employees knew or should have known of the serious risks during the December 5, 2016 visit, yet failed to properly and promptly evaluate and address the complaints in a high-risk OB patient before fetal compromise, and are responsible for the claims made in this lawsuit.

81.    Crozer Keystone Women's Health is vicariously liable for the negligent acts of its agents, servants and/or employees, including, but not limited to, CRNP Ciotoli and Dr. Crawford.

82.    As a direct and proximate result of the Crozer Keystone Women's Health's negligence, as set forth in this Complaint, B.O. has suffered and will continue to suffer the damages as outlined in this Complaint.

**WHEREFORE**, Plaintiff hereby demands judgment against all named defendants, jointly, severally and/or individually, and claims compensatory damages again all named defendants in an amount in excess of the jurisdictional requirement to guarantee a jury trial, plus costs, delay damages, and such other recoverable damages, where such an amount in controversy exceeds the jurisdictional amount subject to compulsory arbitration.

<u>**NOTICE OF PRESERVATION OF EVIDENCE**</u>

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANTS TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

<u>*OKUM V. CRNP CIOTOLI, ET AL.*</u>
PLAINTIFF'S COMPLAINT

FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of six jurors.

Respectfully submitted,

**THE BEASLEY FIRM, LLC**

By:    */s/ Andrew M. Marth*
JAMES E. BEASLEY, JR.
ANDREW M. MARTH
Date: July 24, 2024    *Attorneys for Plaintiff*

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

17

**OKUM V. CRNP CIOTOLI, ET AL.**
PLAINTIFF'S COMPLAINT