IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kevin Okum as Parent and Natural Guardian of B.O., a minor<br>　　　　　　　Plaintiff<br>　　　v.<br><br>Karen Simon, M.D.,<br>Samantha Morrison, M.D. &<br>Prospect CCMC, Inc. d/b/a<br>Crozer-Chester Medical Center<br><br>　　　　　　　Defendants<br>_____<br><br>KEVIN OKUM as Parent and Natural Guardian of B.O., a minor<br>　　　　　　　Plaintiff<br>　　　v.<br><br>KAITLYN CIOTOLI, CRNP,<br>MICHELLE MERGENTHAL-CRAWFORD, M.D.,<br>CROZER KEYSTONE WOMEN'S HEALTH & PROSPECT HEALTH ACCESS NETWORK INC.<br>　　　　　　　Defendants | NO. 2:23-cv-02977*<br><br>*Consolidated under this caption<br><br><br><br>The Honorable John F. Murphy<br><br><br><br><br><br><br>NO. 2:24-cv-03310 |

**ORDER**

**AND NOW**, this ____ day of _____, 202__, upon consideration of the Defendants' Motion for Stay of Federal Court Proceedings, and Plaintiff's response thereto, it is hereby **ORDERED** that Defendants' Motion is **GRANTED.**

1

This matter is stayed until such time as Prospect Medical Holdings Risk Retention Group, Inc. has confirmed to the satisfaction of this Honorable Court that Prospect Medical Holdings Risk Retention Group, Inc. is appropriately funded and ensures that the health care provider Defendants in the *Okum* matter are able to defend this case throughout the entire litigation process, including but not limited to defense litigation costs, verdict and/or settlement.

During the course of this stay, the parties are permitted to conduct limited discovery restricted to the ability of Prospect Medical Holdings Risk Retention Group, Inc.: 1. to fund litigation, including expert witness fees; 2. to ensure payment of a settlement, and / or 3. to ensure payment of a Plaintiff's verdict. At the close of said limited discovery as to Prospect Medical Holdings Risk Retention Group, Inc., this Court shall determine when it is appropriate to proceed with litigation in this matter.

**BY THE COURT:**

_____
**The Honorable John F. Murphy**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kevin Okum as Parent and Natural Guardian of B.O., a minor<br>　　　　　Plaintiff<br>　　v.<br>Karen Simon, M.D.,<br>Samantha Morrison, M.D. &<br>Prospect CCMC, Inc. d/b/a<br>Crozer-Chester Medical Center<br>　　　　　Defendants | NO. 2:23-cv-02977*<br><br>*Consolidated under this caption<br><br><br>The Honorable John F. Murphy |
| KEVIN OKUM as Parent and Natural Guardian of B.O., a minor<br>　　　　　Plaintiff<br>　　v.<br>KAITLYN CIOTOLI, CRNP,<br>MICHELLE MERGENTHAL-CRAWFORD, M.D.,<br>CROZER KEYSTONE WOMEN'S HEALTH & PROSPECT HEALTH ACCESS NETWORK INC.<br>　　　　　Defendants | NO. 2:24-cv-03310 |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

　　The Defendants, Karen Simon, M.D., Samantha Morrison, M.D., Prospect CCMC, Inc. d/b/a Crozer-Chester Medical Center, Kaitlyn Ciotoli, CRNP, Michelle Mergenthal-Crawford, M.D., Crozer Keystone Women's Health & Prospect Health Access Network, Inc., by and through counsel, respectfully request that this Honorable Court enter the above order,

staying litigation in the *Okum* matter but permitting limited discovery to secure confirmation that Prospect Medical Holdings Risk Retention Group, Inc. is funded to an appropriate extent: 1. to ensure payment of litigation costs, including expert fees; 2. to ensure payment of any settlement funds, and / or 3. to ensure payment of a Plaintiff's verdict.

If this Honorable Court refuses to grant this stay, then undersigned counsel will have no choice but to petition to withdraw from this matter, which will substantially delay these proceedings. Undersigned counsel seeks to advance this case, but cannot do so without a stay on the underlying medical malpractice claim, due to defense counsel's ethical obligations and financial responsibilities.

Defense counsel has engaged Bochetto and Lentz, P.C. as counsel. Counsel from Bochetto and Lentz, P.C. are available to argue this motion and to confer with the Court on this issue.

In support of this motion, the Defendants rely upon the legal arguments and factual averments as set forth in the within supporting brief.

DATE:   December 4, 2025                    Respectfully submitted,

                                            POST & POST, LLC.

                                            */s/ Mary McGrath*
                                            _____
                                            Benjamin A. Post (PA 42182)
                                            Mary Kate McGrath (PA 90690)
                                            920 Cassatt Drive
                                            Berwyn, PA   19312
                                            Telephone:  (215) 809-0897
                                            Fax: (610) 240-9185
                                            bpost@postandpost.com
                                            mmcgrath@postandpost.com
                                            Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kevin Okum as Parent and Natural Guardian of B.O., a minor <br>          Plaintiff <br>     v. <br><br> Karen Simon, M.D., <br> Samantha Morrison, M.D. & <br> Prospect CCMC, Inc. d/b/a <br> Crozer-Chester Medical Center <br><br>          Defendants | NO. 2:23-cv-02977* <br><br> *Consolidated under this caption* <br><br><br><br> The Honorable John F. Murphy |
| KEVIN OKUM as Parent and Natural Guardian of B.O., a minor <br>          Plaintiff <br>     v. <br><br> KAITLYN CIOTOLI, CRNP, <br> MICHELLE MERGENTHAL-CRAWFORD, M.D., <br> CROZER KEYSTONE WOMEN'S HEALTH & PROSPECT HEALTH ACCESS NETWORK INC. <br>          Defendants | NO. 2:24-cv-03310 |

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO STAY PROCEEDINGS**

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

A. **Procedural History**

Plaintiff, Kevin Okum, instituted this medical malpractice action against Defendants, Karen Simon, M.D., Samantha Morrison, M.D. & Prospect CCMC, Inc. d/b/a Crozer-Chester Medical Center as Parent and Natural Guardian of B.O., a minor, by filing a Complaint on August 2, 2023. (*See* Rec. at 1, 2:23-cv-02977).

The Plaintiff instituted a second medical malpractice action against Defendants, Kaitlin Ciotoli, CRNP, Michelle Mergenthal-Crawford, M.D., Crozer Keystone Women's Health & Prospect Health Access Network, Inc., by filing a Complaint on July 24, 2024. (*See* Rec. at 1., 2:24-cv-03310).

The Plaintiff has maintained in both actions that venue is proper pursuant to 28 U.S.C. Sec. 1391. Both claims were consolidated under 2:23-cv-02977 for discovery purposes by order of this Honorable Court dated August 6, 2024. (*See* Rec. at 85).

Both actions involve allegations of negligence against the Defendants for the prenatal care and treatment which was provided to non-party mother of B.O., Aubrey Daley, both on or about December 1, 2016, while Ms. Daley was a patient on the Labor & Delivery Unit of Crozer-Chester Medical Center, and while Ms. Daley received office-based prenatal care during the pregnancy at issue. (*See* Rec. at 1).

Both parents, Kevin Okum and Aubrey Daley, have brought suit against OB/GYN providers Dr. Lewis Lo and what the Plaintiff refers to "Springfield providers" in litigation which is pending in the Delaware County Court of Common Pleas, in the matter of *Okum v. Lo, et al.,* Delaware County Court of Common Pleas No. CV-2018-009826. (*See* Plaintiffs' Complaint in *Okum v. Lo, et al.*, attached as Exhibit "A"). The parents assert identical claims

6

for damages to minor B.O. for care and treatment provided to Ms. Daley during her pregnancy, labor and delivery of B.O. in the matter of *Okum v. Lo, et al.* (*See* Exhibit "A").

### B. The Prospect Medical Holdings' Bankruptcy Proceedings

The Defendants filed a Notice of Bankruptcy Petitions with Automatic Stay on January 15, 2025. (*See* Rec. at 93). In this Notice, the Defendants informed that on January 11 and 12, 2025, voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code") were filed in the United States Bankruptcy Court for the Northern District of Texas – Dallas Division by Prospect Medical Holdings, Inc. ("Prospect"), Case No. 25-80002-sgj11, and certain affiliates including Prospect CCMC, Inc. ("Prospect CCMC"), Prospect Crozer, LLC ("Prospect Crozer") and Prospect Health Access Network, LLC ("Prospect HAN"), Case No. 25-80027-sgj11 (collectively, the "Debtors"). (*See* Rec. at 93).

On November 3, 2025, the Plaintiff filed a Praecipe to Remove Deferment, attaching as an Exhibit to this Praecipe the October 28, 2025 Order Lifting Stay which was entered by the United States Bankruptcy Court for the Northern District of Texas Dallas Division. (*See* Rec. at 95). For ease of reference, the October 28, 2025 Order is attached to this Motion for Stay as Exhibit "B".

7

### C. A Stay of Litigation Is Necessary in the Interests of Justice

In the interests of justice, the Defendants file the instant Motion for Stay because of the serious and significant open issues which remain pending in the United States Bankruptcy Court for the Northern District of Texas Dallas Division, No. 25-80002 (SGJ).

The terms of the October 28, 2025 Order Lifting Stay do not ensure that the health care provider Defendants have the resources necessary to defend themselves during litigation and trial.  (*See* Exhibit "B").

The terms of the October 28, 2025 Order Lifting Stay do not ensure that the health care provider Defendants have the resources necessary to ensure insurance coverage which, prior to the January 11, 2025 bankruptcy proceedings, had been available to the health care provider Defendants through Prospect Medical Holdings Risk Retention Group, Inc. (*See* Exhibit "B").

The October 28, 2025 Order Lifting Stay determined:

> "2.  The automatic stay imposed by section 362 of the Bankruptcy Code (the "Automatic Stay" shall be modified to a limited extent to permit the MLS Movants, as identified on **Schedule 1** attached hereto, to adjudicate and liquidate the PL/GL claims and pursue or initiate state or federal court actions to final judgment or settlement, including any appeal, and to collect such final judgement or settlement solely from any available insurance, the MCare Fund, or other nondebtor funds, excluding any of the Debtors' directors and officers insurance policies.  Any amounts of such PL/GL Claims that remain uncovered, and only such amounts upon a final judgment or settlement as allowed by the Court, may be treated as a general

8

unsecured claim, pursuant to the Joint Chapter 11 Plan of Prospect Medical Holdings, Inc. and its Debtor Affiliates [Docket No. 2986], which shall be the sole remedy as against the Debtors' estate."

(*See* Exhibit "B").

The October 28, 2025 Order Lifting Stay continued:

"4.  Nothing in this Agreement shall constitute or be deemed to constitute a finding, representation, admission or determination as to the existence of coverage or the applicability of any insurance policies (the "Policies"), including, without limitation, the Policies.

5.  The Debtors make no representations regarding the availability of any proceeds under the Policies."

(*See* Exhibit "B").

The Defendants submit that a stay is necessary in the interests of justice.  All parties, both the Plaintiff and the Defendants alike,  are entitled to know whether Prospect Medical Holdings Risk Retention Group, Inc. maintains funds which are sufficient to provide the insurance coverage which existed for each named Defendant at the time of the January 11, 2025 bankruptcy filing.

The health care provider Defendants must not be forced to proceed with litigation in this serious birth injury claim when it is not clear whether any insurance coverage is available to them.  The Defendants must not be forced to proceed with litigation in this serious birth injury claim, when Prospect Medical Holdings Risk Retention Group, Inc. will not confirm that the necessary costs of litigation will be provided.

Defense experts from numerous specialties are required to defend against birth injury medical malpractice claims on standard of care, causation and damages. The Defendants must not be forced to proceed with litigation in this matter until Prospect Medical Holdings Risk Retention Group, Inc. has confirmed that it will ensure the payment of expert witness fees, which are essential to the defense of the health care provider Defendants.

If this Honorable Court refuses to grant this stay, then undersigned counsel will be forced to petition to withdraw from this matter, which will substantially delay these proceedings. Undersigned counsel seeks to advance this case, but cannot do so without a stay on the underlying medical malpractice claim, due to defense counsel's ethical obligations and financial responsibilities.

Defense counsel has engaged Bochetto and Lentz, P.C. as counsel. Counsel from Bochetto and Lentz, P.C. are available to argue this motion and to confer with the Court on this issue.

For these reasons, the Defendants respectfully ask this Honorable Court to enter a stay until such time as Prospect Medical Holdings Risk Retention Group, Inc. has confirmed that it is appropriately funded to ensure that the health care provider Defendants are able to defend this case throughout the entire litigation process, through verdict and/or settlement.

## II. **STATEMENT OF THE QUESTION PRESENTED**

Should this matter be stayed until such time as Prospect Medical Holdings Risk Retention Group, Inc. has confirmed to the satisfaction of this Honorable Court that Prospect Medical Holdings Risk Retention Group, Inc. is appropriately funded and is able to ensure that the health care provider Defendants in the *Okum* matter are able to defend this case throughout the entire litigation process, through verdict and/or settlement?

*Suggested Answer:*   Yes.

## III.    **STANDARD OF REVIEW**

This Honorable Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket."  *Commonwealth Ins. Co. v. Underwriters, Inc*., 846 F.2d 196, 199 (3d Cir. 1988) (*quoting Landis v. North American Co.,* 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).

## IV. LEGAL ARGUMENT

The District Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . ." *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). When determining whether to grant or deny a motion to stay, a district court must exercise judgment by "weigh[ing] competing interests and maintain[ing] an even balance." *Landis*, 299 U.S. at 255. In addition, "[i]t is well settled that before a stay may be issued, the petitioner must demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility' that the stay would work damage on another party." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983) (quoting Landis, 299 U.S. at 255).

In this case, all of the parties to this litigation face hardship, should this matter proceed to litigation at this time when there have been no assurances provided by Prospect Medical Holdings Risk Retention Group, Inc. that it is funded to the degree that would satisfy a potential Plaintiff's verdict in this matter.

The Plaintiff has a clear interest in ensuring that the Defendants' insurer, Prospect Medical Holdings Risk Retention Group, Inc., is capable of funding a settlement or a Plaintiff's verdict.

The health care provider Defendants are irreparably prejudiced, due to the fact that they have no confirmation from Prospect Medical Holdings Risk Retention Group, Inc. that the insurance coverage which existed on their behalf prior to the initiation of bankruptcy proceedings remains intact.

The health care provider Defendants are further irreparably prejudiced, because Prospect Medical Holdings Risk Retention Group, Inc. covered all costs of litigation on behalf of the health care provider Defendants. As of the time of the filing of this motion, Prospect Medical Holdings Risk Retention Group, Inc. has not confirmed its ability to cover costs of litigation on behalf of the health care provider Defendants, including the essential costs to pay for defense expert witnesses. Defense expert witnesses are essential in order for the health care provider Defendants to assert defenses on standard of care, causation and damages.

The language of the October 28, 2025 bankruptcy court order does not provide any assurances to any of the parties to this litigation that Prospect Medical Holdings Risk Retention Group, Inc. is funded to an appropriate extent: 1. to ensure payment of litigation costs, including expert fees; 2. to ensure payment of any settlement funds and / or 3. to ensure payment of a Plaintiff's verdict.

Defense counsel repeats that, should this Honorable Court refuse to grant this stay, then the undersigned counsel will have no choice but to petition to withdraw from this matter, which will substantially delay these proceedings. Undersigned counsel seeks to advance this case, but cannot do so without a stay on the underlying medical malpractice claim, due to defense counsel's ethical obligations and financial responsibilities.

Defense counsel has engaged Bochetto and Lentz, P.C. as counsel. Counsel from Bochetto and Lentz, P.C. are available to argue this motion and to confer with the Court on this issue.

The Defendants ask this Honorable Court to permit the parties to stay the instant litigation while permitting discovery on the ability of Prospect Medical Holdings Risk Retention Group, Inc. to fund litigation, ensure payment of a settlement and / or ensure payment of a Plaintiff's verdict, so that this Court may determine when it is appropriate to proceed with litigation in this matter.

## V. **CONCLUSION**

For the reasons which are set forth in this motion with supporting memorandum of law, the Defendants ask this Honorable Court to grant this motion to stay and enter the above order.

DATE:    December 4, 2025                Respectfully submitted,

POST & POST, LLC.

_/s/ Mary McGrath_

Benjamin A. Post (PA 42182)
Mary Kate McGrath (PA 90690)
920 Cassatt Drive
Berwyn, PA  19312
Telephone: (215) 809-0897
Fax: (610) 240-9185
bpost@postandpost.com
mmcgrath@postandpost.com
Attorneys for Defendants