IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN OKUM, AS PARENT AND NATURAL GUARDIAN OF B.O., A MINOR | : : : : | CIVIL ACTION |
| v. | : : | NO. 23-2977 |
| KAREN SIMON, M.D., SAMANTHA MORRISON, M.D., PROSPECT CCMC, INC. d/b/a CROZER-CHESTER MEDICAL CENTER | : : : : : | |
| KEVIN OKUM | : : | CIVIL ACTION |
| v. | : : | NO. 24-3310 |
| KAITLIN CIOTOLI, MICHELLE CRAWFORD, CROZER KEYSTONE WOMEN'S HEALTH, PROSPECT HEALTH ACCESS NETWORK, INC. | : : : : : | |

# ORDER

**AND NOW**, this 15th day of December 2025, upon consideration of defendants' motion to stay proceedings (DI 12), and plaintiff's response in opposition (DI 13), it is hereby

**ORDERED** that defendants' motion (DI 12) is **DENIED** for the following reasons:

1. "The power to stay proceedings is incidental to the power inherent in every court to schedule disposition of the cases on its docket so as to promote fair and efficient adjudication." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983). "How this can best be done is a decision properly vested in the trial courts." *Id.* (citation modified).

2. We must "weigh competing interests and maintain an even balance" in exercising

our discretion.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citation modified).

3. In determining whether to grant a request for a stay pending the resolution of another matter in federal court, we generally examine the (1) promotion of judicial economy; (2) balance of harm to the involved parties; and (3) duration of the stay requested.  *Rajput v. Synchrony Bank*, 221 F. Supp. 3d 607, 609-10 (M.D. Pa. 2016) (citation modified); *Ciolli v. Iravani*, 2008 WL 4412053, at *2 (E.D. Pa. Sept. 23, 2008) (citation modified).

4. "[I]f there is even a fair possibility that the stay . . . will work damage to [someone] else[,]" then the party requesting the stay must demonstrate "a clear case of hardship or inequity" if the stay is not issued.  *Landis*, 299 U.S. at 255; *Gold*, 723 F.2d at 1075-76 (citation modified).  Moreover, the party must demonstrate a "pressing need" for the stay if the stay would be "of indefinite duration."  *Landis*, 299 U.S. at 255.

5. Defendants' stay request sits against the following backdrop.  Prospect Medical Holdings, Inc. and its debtor affiliates face various lawsuits against them in state and federal court, including the instant consolidated matters.  Discovery in the instant matter originally was set to conclude by January 31, 2025.  No. 23-cv-2977, ECF 85.  Approximately four months after the issuance of that discovery schedule, defendants began bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Texas.  *In re Prospect Medical Holdings, Inc.*, No. 25-bk-80002 (Bankr. N.D. Tex.).  On October 28, 2025, the bankruptcy court lifted the automatic stay imposed by section 362 of the Bankruptcy Code so that petitioner, and other parties with claims against defendants, could pursue their respective state and federal actions against defendants and collect any final judgments awarded pursuant to them.  DI 12-2 at

3. On November 3, 2025, we granted plaintiff's *praecipe* to remove deferment (No. 23-cv-2977, ECF 95) and ordered the parties to file an updated Fed. R. Civ. Pro. 26(f) report. DI 8; No. 23-cv-2977, ECF 96. The parties submitted a joint discovery plan three days later, No. 23-cv-2977, ECF 97, and we issued an ensuing scheduling order. No. 23-cv-2977, ECF 98. Following defendants' failure to comply with plaintiff's discovery requests, we entered an order on December 2, 2025, compelling defendants' compliance with the discovery requests. No. 23-cv-2977, ECF 100. Two days later, defendants filed the instant motion to stay proceedings. DI 12.

      6.      Defendants have not demonstrated that staying these proceedings would advance judicial economy without causing significant delay. More than one month passed between the issuance of the bankruptcy court's order partially lifting the bankruptcy stay and defendants' motion to stay the instant proceedings — which they purportedly base upon the uncertainty stemming from the bankruptcy order.[1] During that month, defendants agreed to a joint discovery and briefing schedule, seemingly without ever indicating that they would be requesting to stay these proceedings. Their request to stay proceedings, after we compelled them to comply with their discovery obligations, would only further delay this matter for an uncertain period of time — especially because it is unclear (1) how long the requested discovery regarding Prospect Medical Holdings Risk Retention Group (RRG), Inc.'s (the insurance

---

[1] By lifting this stay, the bankruptcy court permitted plaintiff to pursue the instant litigation. Defendants now seek to use the uncertainty inherent in the bankruptcy court's order — because the order did not address whether there are sufficient funds under defendants' insurance policies to cover the claims against them — to prevent plaintiff from pursuing his claim for an indeterminate time.

company's) ability to fund this litigation and its ensuing costs will take; and (2) whether defendants will make the same ability-to-pay arguments raised herein, and thus further delay this matter, if discovery reveals that RRG lacks sufficient funds. Even if defense counsel is forced to request withdrawal as counsel because we decline to stay these proceedings, this should not substantially delay this matter: defendants represent that Bochetto and Lentz, P.C., are ready to handle the stay request, so there is already another law firm familiar with the instant proceedings and presumably capable of taking over this matter, if necessary. DI 12 at 10.

7. Such an indefinite and unnecessary delay will harm plaintiff by further delaying his ability to seek relief against defendants for, as defendants label it, his "serious birth injury claim." DI 12 at 9. Plaintiff represents that he faces significant expenses for his child's ongoing medical needs, which he attributes to injuries caused by defendants' misconduct. DI 13-1 at 6-7. Defendants offer no reason to doubt plaintiff's assertion that further delay would prejudice him, his child, and his family.

8. As for the harm to defendants, they argue that a stay is necessary because, otherwise, they would "be forced to proceed with litigation in this serious birth injury claim when it is not clear whether any insurance coverage is available to them." DI 12 at 9. In other words, defendants' harm is the speculative possibility that they may have insufficient funds to cover their litigation expenses. Not only do defendants offer no information regarding the likelihood of insufficient funds, but we do not believe that a defendant's possible inability to pay its litigation costs itself is sufficient to warrant a stay. *See, e.g.*, *Randolph Twp. Bd. of Educ., Morris Cnty., New Jersey v. M.T.*, 2023 WL 4265760, at *2 (3d Cir. June 29, 2023) (concluding

a school district's possible inability to recoup funds paid to plaintiff due to a later-overturned order did not constitute irreparable harm); *Dover v. Diguglielmo*, 181 Fed. Appx. 234, 237 (3d Cir. 2006) (noting that an indigent defendant in a civil case lacked a constitutional or statutory right to counsel and that the district court was not required to stay the proceedings indefinitely pending counsel's appointment); *In re Glunk*, 342 B.R. 717, 740-41 (Bankr. E.D. Pa. 2006) (finding unpersuasive debtor's argument in favor of maintaining an automatic stay, where debtor argued he faced hardship because the litigation exposed him to liability in significant excess to his insurance coverage and required him to pay for counsel).

9. Because defendants have not carried their burden in demonstrating that a stay is warranted, we deny defendants' motion for a stay.

10. Accordingly, this case shall proceed pursuant to the schedule issued at No. 23-cv-2977, ECF 98. Defendants' discovery obligations as outlined in No. 23-cv-2977, ECF 100 also remain in effect.

_____
**MURPHY, J.**